## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | | |
|---|---|---|
| Zachary Taylor, | } | |
| | } | Cause No. 3-15-CV-775-DJH |
| Plaintiff, | } | |
| | } | |
| v. | } | |
| | } | **COMPLAINT** |
| Weltman, Weinberg & Reis, Co., P.S.C. | } | |
| d/b/a Weltman, Weinberg & Reis, L.P.A. | } | |
| | } | |
| **SERVE**: | } | |
| National Registered Agents, Inc. | } | **JURY TRIAL DEMANDED** |
| 306 W. Main Street, Suite 512 | } | |
| Frankfort, KY 40601 | } | |
| | } | |
| -and- | } | |
| | } | |
| Boston Portfolio Advisors, Inc. | } | |
| | } | |
| **SERVE:** | } | |
| Kenneth F. Parzygnat | } | |
| 800 Corporate Dr | } | |
| Ste 408 | } | |
| Ft. Lauderdale, Fl 33334 | } | |
| | } | |
| Defendants. | } | |
| | } | |

The Plaintiff, Zachary Taylor ("***Plaintiff***" or "***Mr. Taylor***"), by counsel, for his Complaint against the Defendant, Weltman, Weinberg & Reis, Co., PSC d/b/a Weltman, Weinberg & Reis, L.P.A. ("***Defendant***" or "***WWR***") and Boston Portfolio Advisors, Inc., states as follows:

1

## I.   <u>INTRODUCTION</u>

1.      This is an action for actual and statutory damages brought by Plaintiff against the Defendant for violation of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. § 1692 *et seq.*, (known as the "Fair Debt Collection Practices Act," hereafter the "***FDCPA***"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in the collection of consumer debt and in connection therewith, and the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, hereafter the ("***FCRA***"), which prohibits persons from obtaining or using consumer reports for impermissible purposes.

## II.   <u>PARTIES</u>

2.      The Plaintiff, Zachary Taylor ("***Plaintiff***" or "***Mr. Taylor***"), is an individual and a citizen of the Commonwealth of Kentucky, residing in Jefferson County. Plaintiff is a "***consumer***" as that term is defined in the FDCPA and FCRA.

3.      The Defendant, Weltman, Weinberg & Reis, Co., PSC d/b/a Weltman, Weinberg & Reis, L.P.A. ("***Defendant***" or "***WWR***"), is a foreign professional services corporation organized and existing under the laws of the State of Ohio, having principal offices located at 323 W. Lakeside Avenue, Suite 200, Cleveland, OH 44113. At all pertinent times herein, this Defendant was engaged in the business of collecting consumer debt in the Commonwealth of Kentucky via the mails and the telephone communication system. This Defendant is a "***debt collector***" as said term is defined in the FDCPA. This Defendant is a "***person***" as said terms is defined by the FCRA.

4.      The Defendant, Boston Portfolio Advisors, Inc. ("**_Defendant_**" or "**_BPA_**"), is a corporation organized and existing under the laws of the State of Florida, having principal offices located at 800 Corporate Drive, Suite 408, Fr. Lauderdale, Florida 33334. At all pertinent times herein, this Defendant was engaged in the business of collecting consumer debt in the Commonwealth of Kentucky via the mails and the telephone communication system. This Defendant is a "**_debt collector_**" as said term is defined in the FDCPA.

### III.   JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and 15 U.S.C. § 1681p. Venue in this District is proper pursuant to 28 U.S.C. §1391 because the Defendant transacts business in this District, Plaintiff is a resident of this District and the conduct complained of occurred here.

### IV.   FACTS

6.      On or about August 18, 2012, Defendant WWR sent correspondence to Plaintiff via United States regular mail, _inter alia_, seeking to collect a debt purportedly owed by Plaintiff relating to a consumer account in the principal amount of $6,812.07, on behalf of a creditor, PNC Bank, N.A.

7.      Upon information and belief, in the August 18, 2012 correspondence, the Defendant WWR collected and/or sought to collect certain amounts from Plaintiff, including principal, fees, interests, costs, and/or other expenses incidental to the principal, that were neither expressly authorized by agreement nor permitted by law.

8.      Thereafter, on August 27, 2012, a representative of Defendant WWR telephonically contacted Plaintiff seeking to collect the alleged debt, and represented to Plaintiff

3

that the debt was valid and immediately due and owing. During this conversation, although Plaintiff disputed the validity of the alleged debt, Defendant WWR's representative engaged Plaintiff in hostile, abusive, embarrassing, and humiliating conversation, and refused to identify himself.

9.      Also on August 27, 2012, Defendant WWR requested and obtained Plaintiff's consumer report, without having a "permissible purpose" for doing so, as required by as required by 15 U.S.C. § 1681b(f).

10.     On or about August 16, 2013, Plaintiff filed a complaint against Defendant WWR in this Court for violations of the Federal Fair Debt Collection Practices Act and the Fair Credit Reporting Act based on the foregoing facts, in case number 3:13-cv-00793-JHM-DW (the "*Lawsuit*")

11.     On or around December 18, 2013, Defendant WWR and Plaintiff entered into a settlement agreement to resolve the Lawsuit.

12.     On or about October 6, 2014, Defendant WWR requested, obtained, and used Plaintiff's Trans Union consumer report, without having a "permissible purpose" to do so, as required by 15 U.S.C. § 1681b(f).

13.     Also, on or about October 6, 2014, on behalf of and as agent for Defendant BPA, Defendant WWR, through its representative, Aaron Fincher, called Plaintiff's cellular telephone, seeking to collect payment from Plaintiff in the amount of $2,160.15 relating to the same alleged debt at issue in the 2013 Lawsuit. During this phone call with Plaintiff, which lasted seventeen minutes, Fincher was abusive and initially refused to advise whether he was a debt collector. Fincher demanded that Plaintiff provide his social security number. When Plaintiff expressed

hesitation, Fincher accused Plaintiff of refusing to verify his identity. Fincher represented that the debt was valid, due, and owing.

14.    Thereafter, neither Defendant mailed Plaintiff a notice of the debt as contemplated by 15 U.S.C. § 1692g(a).

15.    Defendants' conduct as herein alleged constitutes violations of Plaintiff's rights under federal law. Because of the above-referenced contact of Defendants, Plaintiff has been damaged.

### COUNT I – VIOLATION OF 15 U.S.C. § 1692e
### False, Deceptive, Or Misleading Representations

16.    Plaintiff reiterates and incorporates herein Paragraphs 1 to 15.

17.    Defendants' representations to Plaintiff were materially false deceptive, and/or misleading.

18.    Defendants' conduct as alleged herein constitutes violations of the FDCPA in that Defendants' conduct constituted the making of false, deceptive, or misleading representations regarding the debt, its character, amount, and legal status, in violation of 15 U.S.C. § 1692e.

19.    Defendants' unlawful actions as described above and as set forth above caused Plaintiff to sustain actual damages, in the form of mental and emotional distress, turmoil, disgrace, embarrassment, anxiety, humiliation, loss of commercial viability, loss of credit opportunities, invasion of privacy, and loss to credit rating, credit score, reputation, and perceived credit worthiness.

20.    With respect to the additional damages that may be awarded pursuant to 15 U.S.C. § 1692k(a)(2)(A), Defendants' noncompliance with the FDCPA is intentional, frequent,

widespread and affects a large number of persons perhaps numbering into the thousands, including but not limited to Plaintiff.

## COUNT II – VIOLATION OF 15 U.S.C. § 1692f(1)
### Unfair Practices

21.    Plaintiff reiterates and incorporates herein Paragraphs 1 to 15.

22.    Defendant's conduct as alleged herein constitutes violations of the FDCPA in that Defendants used unfair or unconscionable means to collect an invalid and unlawful debt, in violation of 15 U.S.C. § 1692f(1).

23.    Defendants' unlawful actions as described above and as set forth above caused Plaintiff to sustain actual damages, in the form of mental and emotional distress, turmoil, disgrace, embarrassment, anxiety, humiliation, loss of commercial viability, loss of credit opportunities, invasion of privacy, and loss to credit rating, credit score, reputation, and perceived credit worthiness.

## COUNT III – VIOLATION OF 15 U.S.C. § 1692g(a)
### Violation of Validation Rights

24.    Plaintiff reiterates and incorporates herein Paragraphs 1 to 15.

25.    Defendant's conduct as alleged herein constitutes violations of the FDCPA in that Defendants failed to provide a notice of the debt within the time prescribed by 15 U.S.C. § 1692g(a).

26.    Within five (5) days of the initial communication with Plaintiff, Defendants failed to furnish Plaintiff certain information about the debt as required by the FDCPA, including a written notice containing the following information: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty

days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

27.     Defendants' unlawful actions as described above and as set forth above caused Plaintiff to sustain actual damages, in the form of mental and emotional distress, turmoil, disgrace, embarrassment, anxiety, humiliation, loss of commercial viability, loss of credit opportunities, invasion of privacy, and loss to credit rating, credit score, reputation, and perceived credit worthiness.

### COUNT IV - VIOLATION OF 15 U.S.C. § 1681N
### Willful Noncompliance with the FCRA

28.     Plaintiff reiterates and incorporates herein Paragraphs 1 to 15.

29.     Defendant WWR obtained Plaintiff's consumer credit report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose.

30.     Defendant WWR knowingly and willfully obtained information on Plaintiff from a consumer reporting agency under false pretenses.

31.     Defendant WWR is liable to Plaintiff for its willful noncompliance with the FCRA for actual damages caused by Defendant WWR's conduct, including mental and emotional

distress, anguish, embarrassment, humiliation, loss of privacy, and punitive damages, plus the costs of this action, together with reasonable attorney's fees.

## COUNT V - VIOLATION OF 15 U.S.C. § 1681o
### Negligent Noncompliance with the FCRA

32.     Plaintiff reiterates and incorporates herein Paragraphs 1 to 15.

33.     Defendant WWR, at the very least, was negligent in failing to comply with the requirements of the FCRA, as noted in Paragraphs 1-13 above.

34.     Defendant WWR is liable to Plaintiff for its negligent noncompliance with the FCRA for actual damages caused by Defendant WWR's conduct, including mental and emotional distress, anguish, humiliation, embarrassment, and loss of privacy, plus the costs of this action, together with reasonable attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Zachary Taylor, by counsel, demands relief against the Defendants, Weltman, Weinberg & Reis, Co., PSC, and Boston Portfolio Advisors, Inc., as follows:

A.      Entry of a Judgment against Defendants to compensate Plaintiff for his actual damages sustained as set forth in above Counts.

B.      Entry of a Judgment under the above Counts for any and all maximum statutory damages provided under applicable federal or state statute.

C.      Entry of a Judgment against Defendants for punitive damages on the above Counts wherein an award of such damages is proper and appropriate.

D.      Interest on all of the aforementioned amounts at the maximum rate and for the maximum duration allowed by applicable law.

E.      Trial by jury on all issues so triable.

F.       Entry of an order temporarily and permanently enjoining Defendants from future similar violations of the FDCPA and directing it to discharge, quit, satisfy and/or pay the debt and cause any adverse credit information referencing the debt to be deleted and removed from any consumer report concerning Plaintiff.

G.      An award of attorneys' fees and costs herein incurred.

H.      Any and all other relief to which he may be entitled, including the right to amend this Complaint to add additional claims or additional parties after conducting appropriate discovery.

Respectfully submitted,

/s/ Marque G. Carey
455 S. 4th Street, Suite 1071
Louisville, Kentucky 40202
(502) 631-9760
marquecareyattorney@gmail.com

*Counsel for Plaintiff*