UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ZACHARY TAYLOR,                                                                                                                Plaintiff,

v.                                                            Civil Action No. 3:15-cv-775-DJH-CHL

WELTMAN, WEINBERG & REIS, CO.,                                   Defendants.
P.S.C., et al.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Defendant Boston Portfolio Advisors, Inc. (BPA) claims that one of its clients' portfolios contained the defaulted loan of Plaintiff Zachary Taylor and that it placed the debt with Defendant Weltman, Weinberg & Reis, Co. (WWR) for servicing. (D.N. 11-1, PageID # 43; D.N. 11-2, PageID # 48; D.N. 13, PageID # 64; D.N. 15, PageID # 77) Taylor disputed the debt and claims that WWR contacted him in violation of the Fair Debt Collection Practices Act (FDCPA). (D.N. 1; D.N. 11-1, PageID # 43; D.N. 13, PageID # 64) BPA seeks summary judgment, arguing that it cannot be liable under the FDCPA because it is not a "debt collector." (D.N. 11-1, PageID # 45–46) Because there is a genuine dispute of material fact with respect to whether BPA is a debt collector, the Court will deny BPA's motion for summary judgment.

I.       **BACKGROUND**

Because this is a motion for summary judgment, the evidence is viewed in the light most favorable to Taylor. Taylor allegedly owed almost $7,000 on a loan from creditor PNC Bank, N.A. (D.N. 1, PageID # 3) Defendant BPA is a financial consulting firm that provides "portfolio management, risk management, due diligence, litigation and asset valuation services, and various other credit and capital market solutions." (D.N. 11-2, PageID # 48) According to an affidavit from a Senior Operations Administrator at BPA, "BPA placed Mr. Taylor's account

1

with [WWR] for collection." (D.N. 11-2, PageID # 48) WWR sent correspondence and made several phone calls to Taylor, seeking to collect on the alleged debt. Taylor disputed the validity of the debt but WWR continued to contact him. (D.N. 1, PageID # 3–4)

Taylor filed suit against WWR and BPA, alleging that the phone calls violated the FDCPA. (D.N. 11-1, PageID # 43; D.N. 13, PageID # 64) In response, BPA filed a motion for summary judgment, arguing that it does not regularly collect or attempt to collect debts and thus is not a "debt collector" under the FDCPA. (D.N. 11-1, PageID # 45–46) BPA maintains that WWR placed the disputed calls and that BPA "made no attempts to collect" the debt. (*Id*., PageID # 46) Taylor acknowledges that BPA did not have "direct contact" with him. (D.N. 13, PageID # 65) Nevertheless, Taylor asserts that BPA is a "debt collector" because it "indirectly sought to collect the debt through the efforts of WWR." (*Id*.) Alternatively, Taylor contends that BPA is vicariously liable for WWR's violations of the FDCPA. (D.N. 13)

The Court requested supplemental briefing on the issue of the default status of Taylor's loan at the time it was assigned to BPA for servicing, which the parties have provided. (D.N. 19; D.N. 20) Both parties agree that Taylor's loan was in default when it was acquired by BPA. (D.N. 19, PageID # 116) However, BPA maintains that "the default status of Taylor's account is inconsequential." (*Id*., PageID # 117)

## II. DISCUSSION

### A.

To grant a motion for summary judgment, the Court must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying the basis for its motion and those portions of the record that "it believes demonstrate the absence of a genuine

issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this burden, the non-moving party must point to specific facts demonstrating a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

In considering a motion for summary judgment, the Court must review the evidence in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), but "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. The non-moving party must present specific facts demonstrating that a genuine issue of fact exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

**B.**

"The [FDCPA] imposes civil liability on 'debt collectors' for certain prohibited debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010) (alterations omitted). In other words, if a party is not a "debt collector," it cannot be liable under the FDCPA. *See id*; *see also Stamper v. Wilson & Assocs., P.L.L.C.*, No. 3:09-CV-270, 2010 WL 1408585, at *3 (E.D. Tenn. Mar. 31, 2010). Whether a party is a debt collector is a question of fact. *See Schroyer v. Frankel*, 197 F.3d 1170, 1173–77 (6th Cir. 1999).

The FDCPA, in relevant part, defines "debt collector" as

any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6).

The FDCPA does not define what constitutes "directly or indirectly" collecting debts; however, the Supreme Court has relied on the following definition from Black's Law Dictionary: "To collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings." *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995) (citing Black's Law Dictionary 263 (6th ed. 1990)); *see also Mesa v. Boston Portfolio Advisors, Inc.*, No. 15-21087-CIV, 2015 WL 4380759, at *3 (S.D. Fla. July 16, 2015).

The FDCPA is "is an extraordinarily broad statute," and the Sixth Circuit has interpreted it accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992); *see also Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 362 (6th Cir. 2012). The Sixth Circuit has held that while "an entity which acquires a debt and seeks to collect it" cannot be both a creditor and a debt collector, it also cannot be neither. *Id*. at 359. "To allow such an entity to define itself out of either category would mean that the intended protection of the FDCPA is unavailable." *Id*.

As the Sixth Circuit explained,

> [f]or an entity that did not originate the debt in question but acquired it and attempts to collect on it, that entity is either a creditor or a debt collector depending on the default status of the debt at the time it was acquired. The same is true of a loan servicer, which can either stand in the shoes of a creditor or become a debt collector, depending on whether the debt was assigned for servicing before the default or alleged default occurred.

*Id*. Further, the Sixth Circuit has held "that the definition of debt collector pursuant to § 1692a(6)(F)(iii) includes any non-originating debt holder that either acquired a debt in default or has treated the debt as if it were in default at the time of acquisition." *Id*. at 362.

BPA asserts that the Sixth Circuit's holding in *Bridge* "regarding the 'default status of the debt' is prefaced on two crucial qualifiers. The entity must have (1) acquired the debt in question and (2) attempted to collect on it." (D.N. 19, PageID # 117) BPA argues that these are threshold determinations that the Court must make before it considers the default status of the debt and

4

ultimately whether a party is a "debt collector." (*Id*., PageID # 117–18) BPA maintains that because it "did not acquire the debt and it did not attempt to collect on it," it cannot be considered a "debt collector" under the FDCPA. (*Id*., PageID # 118)

Taylor argues that under *Bridge*, because BPA is the non-originating debt holder, it must be either a creditor or debt collector. (D.N. 20, PageID # 127–28) Taylor contends that BPA is a "debt collector" because it acquired the debt when the loan was in default and attempted to collect on it when it hired WWR to collect the debt. (*Id*., PageID # 128)

Here, BPA is careful not to state that it "acquired" Taylor's debt, but rather admits that it "came into contact" with the debt when it was already defaulted. (D.N. 19, PageID # 116) Viewing the evidence in the light most favorable to Taylor, because BPA is a non-originating debt holder that acquired a debt in default, that alone is arguably sufficient to qualify BPA as a "debt collector" under the FDCPA and make summary judgment inappropriate. *Bridge*, 681 F.3d at 359.

Additionally, even assuming BPA's interpretation of *Bridge*, Taylor has presented a genuine issue of material fact with respect to whether BPA attempted to collect on the debt. *Lewis*, 135 F.3d at 409. As BPA emphasizes, and Taylor acknowledges, BPA never contacted him directly. (D.N. 13, PageID # 65) However, BPA employed the services of WWR with the intention of collecting on Taylor's debt. (D.N. 11-1, PageID # 43; D.N. 11-2, PageID # 48; D.N. 13, PageID # 64; D.N. 15, PageID # 77) Given that the FDCPA is to be interpreted broadly, BPA's use of WWR is arguably an indirect attempt to collect debt. 15 U.S.C. § 1692a(6); *Bridge*, 681 F.3d at 362. If BPA attempted to collect the debt, it would be a "debt collector" under the FDCPA. *Id*. at 359. However, the Court will not weigh the evidence at this stage. *Anderson*, 477 U.S. at 249.

Finally, the Court notes that although BPA is also careful to avoid mention of its loan-servicing offerings, such services are advertised on its website. (D.N. 13, PageID # 66) *See* Boston Portfolio Advisors, "Commercial and Multifamily Portfolio Structuring & Finance" (May 23, 2017), http://www.bostonportfolio.com/services/commercial-and-multifamily-portfolio-management ("[T]argeted services . . . including: . . . [o]versee[ing] the servicer and act[ing] as special servicer if needed."). While it is unclear whether BPA's loan-servicing services were employed in this case, the fact that BPA claims it was helping a client receive payment for a defaulted loan suggests that the client may have been employing such services. If that is the case, BPA would be considered a "debt collector" because it acquired the loan after it was defaulted, making summary judgment inappropriate. *Bridge*, 681 F.3d at 359.

Because there is a genuine issue of material fact with respect to whether BPA is a "debt collector," the Court will deny BPA's motion for summary judgment. Fed. R. Civ. P. 56(a).

## III. CONCLUSION

For the reasons explained above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) BPA's motion for summary judgment (D.N.11) is **DENIED**.

(2) Pursuant to 28 U.S.C. 636(b)(1)(A), this matter is hereby **REFERRED** to U.S. Magistrate Judge Colin H. Lindsay for resolution of all litigation planning issues, entry of scheduling orders, consideration of amendments thereto, and resolution of all non-dispositive matters, including discovery issues. Judge Lindsay is further authorized to conduct a settlement conference in this matter at any time.

May 25, 2017

**David J. Hale, Judge**
**United States District Court**